**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OFMISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **TOGETHER CREDIT UNION,**      ) | |
| ) | |
|     **Plaintiff,**      ) | |
| ) | |
| **vs.**      ) | **CASE NO. 20CV1084HEA** |
| ) | |
|     **ALLIED SOLUTIONS, INC.,**      ) | |
| ) | |
|     **Defendant.**      ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 4]. Plaintiff opposes the motion. For the reasons set forth below, the Motion is granted. Leave to amend will be granted.

### Facts and Background

Plaintiff's Petition[1] alleges, in pertinent part:

At all times relevant herein, the defendant served as the plaintiff's insurance broker, in which capacity defendant performed various services on behalf of the plaintiff. The services included providing recommendations for the type and amount of insurance coverage plaintiff required in the operation of its business.

---

[1] Plaintiff filed this action in the Circuit Court for the City of St. Louis, Missouri. Defendants subsequently removed it pursuant to the Court's diversity jurisdiction.

In order to properly advise the plaintiff as to its insurance needs, the defendant became thoroughly educated on all operations and phases of the plaintiff's business.

At all times relevant herein, Allied held itself out and continues to hold itself out as having expertise in the insurance requirements of financial institutions, including plaintiff.

Plaintiff relied upon these representations and made its decisions on the type and amount of coverage based upon the recommendations of defendant. Defendant was aware that plaintiff did not possess the skill or knowledge of a sophisticated insurance broker and that plaintiff was not able to provide the analysis required to evaluate insurance products to fit the needs of plaintiff's business operations and to properly protect plaintiff against known or potential risks. Instead, plaintiff relied upon defendant for those services.

Defendant, thereafter, placed the vast majority of plaintiff's liability coverage in Commercial General Liability policies and follow form excess liability policies (the "CGL

Policies"). These policies did not include professional liability coverage provisions.

## Standard of Review

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim

is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). This court "accepts as true the complaint's factual allegations and grants all reasonable inferences to the non-moving party." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018)(citations omitted).

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *McShane Constr. Co., LLC v. Gotham Ins. Co.*, 867 F.3d 923, 927 (8th Cir. 2017), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " *Id.*, *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, *quoting Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. *Metro. Omaha Prop. Owners Ass'n, Inc. v. City of Omaha*, No. 20-1006, 2021 WL 952678, at *2 (8th Cir. Mar. 15, 2021).

In addressing a motion to dismiss, "[t]he court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the

pleadings, and matters of public record." *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011).

## Discussion

Plaintiff seeks to hold Defendant, Plaintiff's insurance broker, liable for negligence (Count I) and breach of a fiduciary duty (Count II) in failing to procure professional liability insurance for Plaintiff. Defendant moves to dismiss the Petition for failure to state a claim since under Missouri law, insurance brokers do not "have a duty to advise the insured on its insurance needs or on the availability of particular coverage, unless [the broker] specifically agree[s] to do so." *Emerson Electric Co. v. Marsh & McLennan Companies*, 362 S.W.3d 7, 13 (Mo. Banc 2012).

> [I]t is settled law that when a broker is acting as the agent of an insured, it has a fiduciary duty to perform its duties with reasonable care, skill and diligence. . . But the scope of the agency, and hence of the duty, of a broker to an insured is limited. While a broker has a duty to act with reasonable care, skill and duty in procuring insurance, Missouri long has held that a broker has no duty to advise the insured about what insurance he needs or what insurance to buy unless it specifically undertakes to do so.

*Id.*, at 9.

Plaintiff does not disagree with the general rule stated above, rather, it argues that Defendant undertook additional duties.  The Petition, however, merely alleges conclusions, without any factual support.  While Plaintiff attempts to cure the Petition's flaws by stating that Plaintiff and Defendant had an ongoing years

long relationship in its Memorandum in Opposition to the Motion, the Court is bound by the allegations in the Petition.  Simply alleging Defendant became thoroughly educated on all operations and phases of the plaintiff's business; held itself and continued to hold itself out as having expertise in the insurance requirements of financial institutions, including plaintiff; and Plaintiff's reliance on these representations in making its decisions on the type and amount of coverage based on the recommendations of Defendant fails to sufficiently plead Defendant undertook an expanded role in procuring insurance coverage for Plaintiff.  Plaintiff is required to set forth sufficient facts to plausibly state a claim for negligence and breach of a fiduciary duty beyond the usual duty of care in procuring insurance.

## Conclusion

Based upon the foregoing analysis, Defendants' Motion to Dismiss is well taken.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date

of this Opinion, Memorandum, and Order to file an Amended Complaint.

Dated this 23rd day of March, 2021.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE