## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OFMISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **TOGETHER CREDIT UNION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:20CV1084 HEA** |
| | ) | |
| **ALLIED SOLUTIONS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, [Doc. No. 21]. Plaintiff opposes the motion.  For the reasons set forth below, the Defendant's Motion will be denied.

### Facts and Background

Plaintiff,  Together Credit Union, formerly known as Anheuser-Busch Employees' Credit Union, filed this action in the Circuit Court for the City of St. Louis, Missouri, against its insurance broker, Defendant Allied Solutions, LLC, for negligence (Count I) and breach of a fiduciary duty (Count II) in failing to procure professional liability insurance for Plaintiff.

On August 17, 2020, Defendant removed this action pursuant to the Court's diversity jurisdiction and filed a Motion to Dismiss Plaintiff's Petition for failure to state a claim. This Court found Plaintiff's Petition alleged conclusions without any

factual support. The Court further found Plaintiff is required to set forth sufficient facts to plausibly state a claim for negligence and breach of a fiduciary duty beyond the usual duty of care in procuring insurance. This Court granted Plaintiff leave to file an Amended Complaint. On April 5, 2021, Plaintiff filed its Amended Complaint.

On April 19, 2021, Defendant moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), arguing Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted, which Plaintiff opposes.

Plaintiff's First Amended Complaint alleges, in pertinent part:

At all times relevant herein, Defendant served as Plaintiff's insurance broker for the agreed upon purpose of evaluating Plaintiff's insurance needs, determining the scope of coverage and coverage limits needed, and obtaining bids and procuring insurance coverage for Plaintiff sufficient to adequately insure against the risks facing Plaintiff's business. Defendant held itself out as and was engaged by Plaintiff to fill a role of trust and confidence as a party with superior knowledge and experience in evaluating insurance needs and procuring appropriate insurance coverage for financial institutions.

Defendant routinely undertook a comprehensive evaluation of Plaintiff's operations so that Defendant could determine, recommend, and procure the appropriate types and levels of insurance coverage needed for Plaintiff. In doing so

Defendant requested and received substantial amounts of information and data concerning Plaintiff's business operations, including the nature and scope of Plaintiff's secured loan portfolio.

The data sought and received by Defendant included extensive data concerning Plaintiff's car loan and collateral portfolio for the purpose of evaluating and procuring appropriate coverage relating to Plaintiffs' business lines. Defendant induced Plaintiff's reliance upon Defendant's understanding and monitoring of caselaw and legislation which impacted the adequacy of insurance coverage relating to Plaintiff's loan and collection practices. Defendant led Plaintiff to believe that Plaintiff had adequate coverage to insure Plaintiff against risks associated with Plaintiff's various business units.

Further, Defendant and its representatives attended meetings of Plaintiff's Board of Directors in order to provide Plaintiff and its Board of Directors with confidence in the types and levels of insurance coverage suggested and procured by Defendant on behalf of Plaintiff.

At no point did Defendant suggest that Plaintiff needed increased levels of professional liability coverage rather than commercial general liability coverage, as suggested by Defendant, to adequately insure against claims, class action or otherwise, associated with wrongful debt enforcement and related notices concerning disposition of collateral.

In exchange for Defendant's capabilities, professional guidance and services, Defendant received compensation from Plaintiff in the form of fees or commissions based upon Defendant's expertise, evaluation, and the insurance coverage procured by Defendant for Plaintiff.

At all times relevant herein, Defendant held itself out, to Plaintiff specifically and to the public in general, as having expertise in the insurance requirements of financial institutions, including Plaintiff.

Plaintiff relied upon these representations and made its decisions on the types and amounts of insurance coverage to purchase through Defendant based upon Defendant's recommendations.

## Standard of Review

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a)(2). If a pleading fails to state a claim upon which relief can be granted, an opposing party may move to dismiss it. *See* Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This Court "grants all reasonable inferences to the non-moving party."

*Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (citations omitted).

When ruling on a motion to dismiss, the Court "must liberally construe a complaint in favor of the plaintiff," *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010), and must grant all reasonable inferences in its favor. *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010). Although courts must accept all factual allegations as true, they are not bound to take as true "a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677–78. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678. A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McShane Constr. Co., LLC v. Gotham Ins. Co.*, 867 F.3d 923, 927 (8th Cir. 2017), *quoting Iqbal*, 556 U.S. at 678.

### Discussion

Under Missouri law,[1] insurance brokers do not "have a duty to advise the insured on its insurance needs or on the availability of particular coverage, *unless*

---

[1] Since this action was brought pursuant to this Court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332, Missouri State Law applies to the substantive issues. *Winthrop Res. Corp. v. Stanley Works*, 259 F.3d 901, 904 (8th Cir. 2001).

[the broker] specifically agree[s] to do so." *Emerson Electric Co. v. Marsh & McLennan Companies*, 362 S.W.3d 7, 13 (Mo. banc 2012) (emphasis added).

> [I]t is settled law that when a broker is acting as the agent of an insured, it has a fiduciary duty to perform its duties with reasonable care, skill and diligence. . . But the scope of the agency, and hence of the duty, of a broker to an insured is limited. While a broker has a duty to act with reasonable care, skill and duty in procuring insurance, Missouri long has held that a broker has no duty to advise the insured about what insurance he needs or what insurance to buy unless it specifically undertakes to do so.

*Id.*, at 9.

The scope of a broker's duty may vary depending on its agreement with the insured and the relationship between the parties. *Id.* at 10.

Defendant argues that the Amended Complaint merely alleges conclusions, without any factual support, and Plaintiff "did not and cannot allege" that Defendant agreed to advise Plaintiff on its insurance needs or on the availability of particular coverage. However, the Amended Complaint explicitly alleges that Defendant "served as Plaintiff's insurance broker for the *agreed upon purpose* of evaluating Plaintiff's insurance needs, determining the scope of coverage and coverage limits needed, and obtaining bids and procuring insurance coverage for Plaintiff sufficient to adequately insure against the risks facing Plaintiff's business" (emphasis added). The Amended Complaint further alleges, *inter alia*, that Defendant became thoroughly educated on all operations and phases of the Plaintiff's business and attended meetings of Plaintiff's Board of Directors; held

itself, and continued to hold itself, out as having expertise in the insurance requirements of financial institutions; and Plaintiff's relied on these representations in making its decisions on the type and amount of coverage based on the recommendations.

The insurance broker has no duty to advise the insured about what insurance is needed or what insurance to buy unless the broker specifically undertakes to do so. *Emerson Electric Co*, 362 S.W.3d at 9. To the extent that the Amended Complaint alleges that Defendant "undertook duties in addition to those imposed by law, its failure to fulfill them may be actionable." *Id.* at 10. Here, the Amended Complaint alleges that Defendant took an expanded role in procuring insurance coverage for Plaintiff. The Court observes taking the allegations contained in the Amended Complaint as true, Plaintiff has adequately pled its action.  Plaintiff is not required to prove the merits of its cause of action at the pleading stage, rather Plaintiff is required only to set out a plausible claim.  *Twombly*, 550 U.S. at 556.

## Conclusion

Plaintiff has set forth sufficient facts to plausibly state a claim for negligence and breach of a fiduciary duty beyond the usual duty of care in procuring insurance. As such, Defendant's Motion to Dismiss Plaintiff's First Amended Complaint will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's

First Amended Complaint, [Doc. No. 21], is **DENIED**.

Dated this 1st day of March, 2022.


_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE